UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
SHAWN T. BRADLEY,

                                 Plaintiff,

        - v -                                            Civ. No. 1:07-CV-148
                                                           (DNH/RFT)
B. RELL, *et al.*,

                                 Defendants.
--------------------------------------------------------------

**APPEARANCES:**                                    **OF COUNSEL:**

SHAWN T. BRADLEY
*Pro Se* Plaintiff
07-A-1225
Bare Hill Correctional Facility
Caller Box 20, 181 Brand Road
Malone, New York 12953

COOK, NETTER, CLOONAN, KURTZ & MURPHY    ROBERT D. COOK, ESQ.
Attorney for Defendants Rell, Keller, and John Doe VI
85 Main Street
P.O. Box 3939
Kingston, New York 12402

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

     On February 8, 2007, the *pro se* Plaintiff filed a civil action pursuant to 42 U.S.C. § 1983 alleging that Defendant Rell used excessive force against him and delayed medical assistance for his injuries, both of which he contends violated his constitutional rights. Dkt. No. 1, Compl. Defendant filed an Answer and interposed several affirmative defenses. Dkt. No. 6, Ans. On June 18, 2007, the Court issued an Uniform Pretrial Scheduling Order (UPTSO) setting, *inter alia*, the discovery deadline as December 15, 2007, and motion to compel as January 15, 2008. Dkt. No. 13. Subsequently, the Court issued a Memorandum-Decision and Order, dated September 27, 2007,

granting in part the Plaintiff the right to amend his Complaint and join Defendants Gerard Keller and John Doe VI. Dkt. No. 23.

The discovery deadline has expired. Now, Plaintiff has filed a Motion to Compel and for Sanctions, dated January 1, 2008. Dkt. No. 28. Defendants filed an Affidavit in Opposition. Dkt. No. 29, Robert Cook, Esq., Aff., dated Jan. 15, 2008. The Plaintiff filed a Supplemental Affidavit on January 16, 2008. Dkt. No. 30. Whether the Court can grant Plaintiff's Motion to Compel turns on the date Plaintiff's Demands were served.

We are able to glean the following determinative facts: As noted above, the UPTSO was issued on June 18, 2007, giving the parties six months to complete discovery. Waiting until nearly the very last moment, on or about November 25, 2007, Plaintiff served a Demand for Interrogatories upon each Defendant and a Second Set of Interrogatories upon Defendant Keller. Dkt. Nos. 28 & 30 at ¶ 3A. Defendants note that the Four Demands for Interrogatories were received on or about November 27, 2007. Dkt. No. 29 at ¶ 4. Under the Federal Rules of Civil Procedure, Defendants must serve answers to the discovery demands within thirty (30) days after being served. FED. R. CIV. P. 33(2). If the discovery deadline was December 15, 2007, as here, and answers are supposed to be received prior to this deadline, under these circumstances, Plaintiff, in contravention of the Federal Rules and this District's Local Rules, only gave Defendants less than twenty days to respond. Thus the timeliness of the Demands were improper. According to this District's Local Rules,

> [t]he "discovery cut-off" is that date by which all responses to written discovery, including requests for admissions, shall be due according to the Federal Rules of Civil Procedure an by which all depositions shall be concluded. Counsel are advised to initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this Rule. **Discovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable**

**except by order of the court for good cause shown**.
N.D.N.Y.L.R. 16.2. (emphasis added).

Recognizing that Defendants are entitled to thirty (30) days to respond to Plaintiff's Discovery requests, Defendants' Responses would have been due on December 25, 2007, ten (10) days after the discovery deadline. Obviously, Plaintiff's late service of his Demands were in contravention of the Local Rules' instructions and since no good cause has been established for the tardy Demands, they are unenforceable.

Notwithstanding our inability to enforce Plaintiff's Demands, we note that Defendants served their Responses with objections on January 10, 2008, albeit fifty days after being served. Accordingly, those Responses and Objections shall stand.

We also bring to everyone's attention that the last date to file dispositive motions is April 15, 2008.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 28) is **DENIED**.

**IT IS SO ORDERED**.

Date: January 28, 2008
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge