**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
──────────────────────────────────────
SHAWN T. BRADLEY,

                          Plaintiff,

       - v -                                   Civ. No. 1:07-CV-148
                                                            (DNH/RFT)
B. RELL, *et al.*,

                          Defendants.
──────────────────────────────────────

**APPEARANCES:**                                **OF COUNSEL:**

SHAWN T. BRADLEY
*Pro Se* Plaintiff
07-A-1225
Bare Hill Correctional Facility
Caller Box 20, 181 Brand Road
Malone, New York 12953

COOK, NETTER, CLOONAN, KURTZ & MURPHY    ROBERT D. COOK, ESQ.
Attorney for Defendants Rell, Keller, and John Doe VI
85 Main Street
P.O. Box 3939
Kingston, New York 12402

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**MEMORANDUM-DECISION AND ORDER**

      On January 28, 2008, this Court issued a Memorandum Decision and Order (MDO) denying

Bradley's Motion to Compel. Dkt. No. 33. The gist of the MDO was that Bradley failed to serve

his Demands for Interrogatories and Production in compliance with this District's Local Rule 16.2.[1]

---

[1] According to this District's Local Rules,
[t]he "discovery cut-off" is that date by which all responses to written discovery, including requests for admissions, shall be due according to the Federal Rules of Civil Procedure an by which all depositions shall be concluded. Counsel are advised to initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this Rule. **Discovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable except by order of the court for good cause shown**.
N.D.N.Y.L.R. 16.2. (emphasis added).

The manner and the timeliness of service of his Demands did not permit Defendants sufficient time to serve their responses thereto within the discovery period. Nonetheless, prior to the MDO, Defendants served Responses to the Demands for Interrogatories and Production. *See generally* Dkt. No. 29. However, some of Interrogatories were objected to. *Id*. at Dkt. Nos. 29-2-4.

Now, Bradley has filed a Motion of Reconsideration of our January 28, 2008 MDO. Dkt. No. 36, Shawn Bradley Affirm., dated Feb. 7, 2008. Defendants oppose this Motion. Dkt. No. 37, Robert D. Cook, Esq., Aff., dated Mar. 5, 2008, & 37-2, Defs.' Mem. of Law.[2]

Generally, reconsideration of a court's prior decision is warranted only where the moving party demonstrates "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice." *Bartz v. Agway, Inc.*, 849 F. Supp. 166, 167 (N.D.N.Y. 1994) (McAvoy, C.J.) (citing *Wilson v. Consol. Rail Corp.*, 815 F. Supp. 585 (N.D.N.Y. 1993); *McLaughlin v. New York Governor's Office of Employee Relations*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *see also Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). Bradley's Motion fails to allege any of the above grounds for

---

[2] Defendants challenge Bradley's Motion for Reconsideration as untimely under our District's Local Rule 7.1(g), which states in part that "[m]otions for reconsideration or reargument, unless FED. R. CIV. P. 60 otherwise governs, may be filed and served no later than ten calendar days after the entry of the challenged judgment, order, or decree." Although, on its face, the filing of this Motion may have been technically violated this Local Rule, the receipt of the Motion was within a relatively reasonable period of time (fourteen (14) days).

But, within the Second Circuit, there is the prisoner mailbox rule. Second Circuit has held, however, that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001), *cert. denied*, 534 U.S. 886 (2001) (extending "prison mailbox rule" to petitions seeking writ of habeas corpus pursuant to 28 U.S.C. § 2254); *Harmon v. People of State of New York*, 2001 WL 1590522, at *1 n.2 (E.D.N.Y. Dec. 11, 2001) (citations omitted). In our case, Bradley handled the papers to prison authorities on or about February 7, 2008. Thus the service of this Motion is timely.

reconsideration. Instead, Bradley provides a plethora of reasons why his Demands for Discovery were not served timely. Although we acknowledge an inmate's difficulty in gaining access to the library, occasional disagreements with library staff, health impairments, and the occasional malfunction of equipment may cause some delay in serving legal papers, individually and collectively these reasons are insufficient to support Bradley's claim that these Demands could not have been served timely within the six month period provided for discovery. Thus, he has not provided any legal grounds that the MDO was granted on clear error or that a manifest injustice occurred. Thus, we are prepared to deny this Motion for the reasons just stated.

But, as we have noted above, Defendants provided Responses to the Interrogatories directed to Defendants Gerard M. Keller, Barry D. Rell, Jr., and James J. Maisenheider. *See* Dkt. No. 29-2-4. Also, as noted above, some of the Interrogatories were objected to. In other instances, the Responses noted duplication or an overlap with Responses to other sets of Interrogatories. Upon review of those Interrogatories and the objections thereto, we agree with Defendants objections:

(1) Rell's Interrogatories # 9-12 are irrelevant;
(2) Rell's Interrogatory # 15 is privileged;
(3) Rell's Interrogatory # 28 is burdensome and irrelevant;
(4) Rell's Interrogatory # 29 is noted as provided, notwithstanding objections as to relevance;
(5) Keller's Interrogatory # 12 is burdensome and irrelevant;
(6) Keller's Interrogatory # 15 is overly vague and cannot be answered;
(7) Maisenhelder's Interrogatory # 17 is confusing and need not be answered;

We uphold those objections and on these grounds as well, the Motion to Compel, Dkt. No. 28, would not have been granted.

Having given due consideration in the previous Order, and since Bradley failed to provide any plausible grounds for reconsideration, Bradley's Motion is **denied**.

We also bring to everyone's attention that the last date to file dispositive motions is April

15, 2008.

    Accordingly, it is hereby

        **ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 36) is **DENIED**.

    **IT IS SO ORDERED**.

Date:  April 2, 2008
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge